**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYQUAN D. GIBBS, Plaintiff, v. HEATHER JOY BAKER, Defendant. | Civil Action No. 26-03903 (JXN)(ADS) **OPINION** |

**NEALS**, District Judge

Before the Court are *pro se* Plaintiff Tyquan D. Gibbs's ("Plaintiff") Complaint raising claims under 42 U.S.C. §§ 1983 and 1985 against Defendant Heather Joy Baker ("Defendant") (ECF No. 1), Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1), and Plaintiff's motion to change venue (ECF No. 3). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking relief from a defendant who is immune from such relief. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED *without prejudice***, and Plaintiff's motion to change venue is **DENIED *as moot***.

## I. BACKGROUND[1]

[1] The Court will accept as true the factual allegations in the Complaint solely for the purposes of this screening. The Court has made no findings regarding the veracity of Plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

Plaintiff's Complaint asserts claims under 42 U.S.C. §§ 1983 and 1985 against Baker, a Clerk of the New Jersey Supreme Court. (*See* Compl. *1.)[2] The Complaint's allegations are as follows:

> Plaintiff Filed A[n] Attorney Ethics Grievance Against A New Jersey State Supervisor of The Appeals Unit At 31 Clinton P.O. Box 46003 The Plaintiff has yet [to] receive[] the Complaint[.]
>
> Heather Joy Baker retaliated Against the Plaintiff For Filing A[n] Attorney Ethics grievance Form[.]
>
> Plaintiff had A right to File A Grievance with[]in The true Meaning of the First Amendment to the United States [Constitution], Fourteenth Amendment[.]

(*Id*. at *1.) As relief, Plaintiff seeks $75,000,000 in damages and "Any injunction against the Entire Building 31 Clinton to Stay Away From Tyquan Gibbs…" (*Id*. at *2.)[3]

On May 4, 2026, Plaintiff filed a motion to change venue to the United States District Court for the District of Columbia. (ECF No. 3.)

## II. <u>LEGAL STANDARD</u>[4]

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown v. Sage*, 941 F.3d 655, 662 (3d Cir. 2019).

---

[2] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

[3] The Court notes that along with the Complaint, Plaintiff filed what appears to be an opposition to an anticipated motion to dismiss (*id*. at *3–4) and a motion for discovery (*id*. at *5–7). Plaintiff also attached a letter dated March 20, 2026, from Barry R. Petersen, Jr., Deputy Counsel of the New Jersey Disciplinary Review Board ("DBA"), advising Plaintiff that the DBA reviewed his allegations against Jason D. Saunders, First Assistant Ethics Counsel, Office of Attorney Ethics, found no evidence of improper processing or misconduct, and declined to docket or act on the matter. (See ECF No. 1–3.)

[4] Because this Court does not reach the merits of the motion to transfer venue, the 28 U.S.C. § 1404(a) standard is omitted.

The standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard under Federal Rule of Civil Procedure[5] 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. <u>DISCUSSION</u>

Liberally construing the Complaint, Plaintiff appears to allege that Baker, a clerk of the Supreme Court of New Jersey, retaliated against him for filing an attorney ethics grievance. (Compl. at *1.) Plaintiff states that he has received no response regarding the grievance's status or disposition. (*Id*.) He alleges, without elaboration, that Baker retaliated against him. (*Id*.) The Court has screened the Complaint and finds that Plaintiff fails to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

First, Plaintiff's allegations are insufficient to state a claim under § 1983. To establish a First Amendment retaliation claim, Plaintiff must allege facts demonstrating that (1) he engaged in constitutionally protected activity; (2) Baker took retaliatory action sufficient to deter a person of ordinary firmness from exercising constitutional rights; and (3) a causal connection existed

[5] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

between the protected activity and Baker's conduct. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)

Even assuming Plaintiff's submission of an attorney ethics grievance constituted protected activity, the Complaint fails to identify any specific retaliatory action taken by Baker. Nor does Plaintiff allege facts showing Baker's personal involvement in handling the grievance or suggesting that the lack of a response was motivated by Plaintiff's exercise of a constitutional right. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Plaintiff's conclusory characterization of Baker's conduct as retaliatory, without supporting factual allegations, is insufficient to state a plausible claim for relief. *See Ashcroft*, 556 U.S. at 678.

Plaintiff likewise fails to state a claim under § 1985. Section 1985 has three distinct subsections, and Plaintiff does not specify which subsection, or subsections, form the basis of his claim. Nonetheless, the Court assumes at the outset that Plaintiff alleges Baker's conduct violated Section 1985(2) or 1985(3).[6]

> Section 1985(2) contains several distinct clauses, each creating a distinct cause of action. The second clause creates a cause of action "if two or more persons conspire for the purpose of impe[]ding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3) permits a party to bring an action for injuries incurred by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection[] of the laws, or of equal privileges and immunities under the laws." § 1985(3).

*Ramos v. Main*, No. 21-1284, 2021 WL 4311427, at *8 (D.N.J. Sept. 22, 2021) (quoting 42 U.S.C. §§ 1985(2) and (3)).

Here, the Complaint contains no factual allegations suggesting that Baker conspired with another individual to deprive Plaintiff of his constitutional rights, let alone allegations establishing

[6] Section 1985(1) prohibits "two or more persons" from interfering with a federal officer's performance of his duties. 42 U.S.C. § 1985(1). Because Plaintiff is not a federal officer, § 1985(1) does not apply here.

the additional elements required under any applicable subsection of § 1985. *See Farber v. City of Paterson*, 440 F.3d 131, 134–35 (3d Cir. 2006). Plaintiff's unsupported allegation of retaliation, standing alone, is insufficient to establish a conspiracy actionable under § 1985.

Finally, Plaintiff seeks monetary damages against Baker and injunctive relief against individuals at 31 Clinton, the building where he filed his grievance. (Compl. at *2.) The Complaint, however, fails to identify any factual basis for such extraordinary injunctive relief, including any ongoing or imminent injury attributable to Baker or the unidentified individuals. Plaintiff therefore has not established an entitlement to the requested relief.

Accordingly, even under the liberal pleading standard afforded to *pro se* litigants, Plaintiff fails to state a claim upon which relief may be granted. The Complaint is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the Complaint has been dismissed, Plaintiff's pending motion to transfer is moot and is therefore denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 1–1, 1–2) is **GRANTED**; Plaintiff's Complaint (ECF No. 1) is **DISMISSED *without prejudice*** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's motion to transfer venue (ECF No. 3) is **DENIED *as moot***. To the extent Plaintiff can cure the deficiencies outlined herein, the Court will provide Plaintiff thirty (30) days to file an amended complaint. If Plaintiff fails to file an amended complaint within that time, the Complaint will be dismissed with prejudice in its entirety. An appropriate Form of Order accompanies this Opinion.

**DATED: 11/6/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**